**Affirmed and Memorandum Opinion filed January 24, 2012.**



In The

# Fourteenth Court of Appeals

NO. 14-11-00311-CR
NO. 14-11-00312-CR

**ROBERTO ISAIAS PINTO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1253866 & 1253867**

## M E M O R A N D U M   O P I N I O N

Roberto Isaias Pinto appeals his conviction for aggravated assault of a family member in cause number 1253866 and his conviction for aggravated assault in cause number 1253867, arguing that the trial court erroneously admitted a presentence investigation (PSI) report into evidence. We affirm.

### Background

On March 3, 2010, complainants, Angelica Armos and Carlos Calderon, were riding in Calderon's van when appellant started bumping into the back of the van with his truck. Appellant then pulled his truck up to the passenger side of Calderon's van, "stuck

his hand out of the window [of his truck] and just started shooting at" complainants. Appellant shot Armos in the head and wrist and Calderon in the mouth.

Appellant was indicted for aggravated assault of a family member in cause number 1253866 and for aggravated assault in cause number 1253867. Appellant pled guilty to the charged offenses. The trial court determined that there was sufficient evidence to find appellant guilty but deferred sentencing appellant until a PSI was conducted. The trial court held a hearing on January 19, 2011 and sentenced appellant to 45 years' confinement in cause number 1253867 and to 20 years' confinement in cause number 1253867. Appellant timely appealed his convictions.

## Analysis

In three issues, appellant argues that the trial court erroneously admitted the PSI report into evidence violating "the express provisions for confidentiality in Chapter 42.12§ 9(j) (1), Code of Criminal Procedure" because admission made appellant's PSI report, juvenile criminal history, and "personal identification information such as birth date, social security number and driver's license number . . . a public record."

When the State offered a copy of the PSI report into evidence at the sentencing hearing, appellant's trial counsel stated, "We have no objections, Judge, for the record." The trial court then admitted the PSI report.

Appellant contends on appeal that no objection was necessary to preserve error in this case because, as a prerequisite for appellate review, Texas Rule of Appellate Procedure 33.1(a)(1)(A) requires appellant to object and make "the trial court aware of the complaint, [only if] the specific grounds were [not] apparent from the context." According to appellant, here "the grounds for confidentiality were apparent from the context of Article 42.12, § 9 (j) (1)," and appellant "should not have to object to an obvious breach of confidentiality when the statute is so clear." We reject appellant's contention.

Rule 33.1(a)(1)(A) states that, as a prerequisite to presenting a complaint for

appellate review, the record must show that the complaint was made to the trial court by a timely objection that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). Rule 33.1(a) provides that a complaining party's *objection* is sufficient when the specific grounds for the objection are apparent from the context; nothing in Rule 33.1(a) dispenses with the requirement to object in order to preserve error for appellate review. *See id*.

Here, appellant failed to object to the admission of the PSI report and, thus, failed to preserve error for review. *See id*.; *see also Jordan v. State*, No. 2-05-450-CR, 2006 WL 2773788, at *1 (Tex. App.—Fort Worth Sept. 28, 2006, no pet.). (mem. op., not designated for publication) (because appellant did not object to the trial court's admission of the PSI report, he failed to preserve any alleged error for review). Additionally, "appellant failed to preserve any error in the admission into evidence of [the PSI report] when defense counsel stated 'no objection[s]' to the admission of this evidence." *Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010), *cert. denied*, *Estrada v. Texas*, 131 S. Ct. 905 (2011). Very few errors are fundamental, obviating the necessity of objection. Appellant has cited no authority that admission of a PSI report into evidence is fundamental error, if error at all. We believe it is not, such that objection was required to preserve error, if any.

Accordingly, we overrule appellant's three issues.

**Conclusion**

Having overruled appellant's three issues, we affirm the trial court's judgments in cause number 1253866 and in cause number 1253867.


/s/    Adele Hedges
Chief Justice


Panel consists of Chief Justice Hedges, Justice Seymore and Senior Justice Mirabal.[1]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Senior Justice Margaret Garner Mirabal sitting by assignment.